UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                          CASE NO.

**MANUEL ANTONIO PAGOAGO**                                     **08-11846**
**ALEIDA ALICIA PAGOAGO**

                                                                                SECTION A
DEBTORS                                                                  CHAPTER 13

### REASONS FOR DECISION

This matter came before the Court on the Objection to Claim 6 of Toyota Motor Credit ("Toyota") filed by the debtors, Manuel and Aleida Pagoago ("Debtors").[1]  After a hearing on June 11, 2009, the Court the Court took the matter under advisement and gave the parties until June 26, 2009, to file supplemental briefs.

#### Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 502.

#### Facts

On September 22, 1999, Debtors entered into a Closed End Motor Vehicle Lease Agreement with Toyota ("the Lease"), with a maturity date of September 21, 2003 ("Maturity Date").  Debtors returned the vehicle to Toyota on August 29, 2003.[2]

On August 1, 2008, Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

On September 24, 2008, Toyota filed proof of claim 6 in the amount of $4,476.01.  Toyota amended proof of claim 6 on May 29, 2009, to attach the Lease and demand letters dated October

---

[1] Pleading 18.

[2] Pleading 21, p. 2.

10, 2003, and November 10, 2003 (collectively "Claim 6").  Through Claim 6, Toyota alleges the

following amounts due:

1) late charges - $14.61;

2) excessive wear and use charge - $557.00; and

3) excessive mileage charge - $3,904.40.

Toyota admits that the late charges of $14.61 have prescribed.[3]  Debtors admit that the

excessive wear and use charge of $557.00 is subject to a ten year prescriptive period pursuant to

Louisiana Civil Code Article 3499 and thus is not prescribed.[4]

The parties dispute the prescriptive period applicable to the excessive mileage charge of

$3,904.40 ("the Mileage Charge").  Debtors aver that the Mileage Charge is subject to a three year

prescriptive period pursuant to Louisiana Civil Code Article 3494 ("Article 3494") and, therefore,

is prescribed.   Toyota avers that the Mileage Charge is subject to a ten year prescriptive period

pursuant to Louisiana Civil Code Article 3499 ("Article 3499") and, therefore, is not prescribed.

**Law and Analysis**

A properly filed proof of claim is prima facie evidence of the validity and amount of
a claim.  The party objecting to the claim has the burden of going forward and of
introducing evidence sufficient to rebut the presumption of validity.  Such evidence
must be sufficient to demonstrate a true dispute and must have probative force equal
to the contents of the claim.  Upon introduction of sufficient evidence by the
objecting party, the burden of proof will fall on whichever party would bear the
burden outside of bankruptcy.[5]

---

[3] Pleading 29, p. 3.

[4] Pleading 27, p. 3.

[5]  9 Collier on Bankruptcy, ¶ 3001.09[2], 3001-28.1 (15th ed. rev'd 2008) (footnotes
omitted).

2

Debtors have sufficiently rebutted the presumption of validity.  However, Debtors still bear the

burden of pleading prescription under state law.[6]

Article 3499 provides, "Unless otherwise provided by legislation, a personal action is subject

to a liberative prescription of ten years."    Article 3494 provides exceptions to Article 3499,

including a liberative prescription of three years for "[a]n action for arrearages of rent and

annuities."

Debtor avers that the Mileage Charge is part of the "rent" under the Lease and falls under

Article 3494's three year prescriptive period for "arrearages of rent."    On the other hand, Toyota

argues that the Mileage Charge is part of the Lease contract, but is not "rent."

> [T]he character of the action determines the prescription applicable thereto. ... To
> determine the character of the action it is necessary to consider the facts on which
> the action is based and the plaintiff's pleadings and the documents annexed thereto.[7]

Debtors cite two cases in support of their position.    *Starns v. Emmons*[8] held that rent

arrearages, late charges and attorney fees "incurred in connection with an action to recover rent,"

were subject to the three year prescriptive period of Article 3494.[9]  *Starns* is distinguishable from

Debtors' case because the Mileage Charge is not incurred in connection with an action to recover

---

[6] *Gilmore v. Whited*, 9 So.3d 296, 301, 2008-1808 (La.App. 1 Cir. 3/31/09) (The party raising prescription has the burden of proof, unless the face of the petition shows that the action is prescribed.)

[7] *Shepard Realty Co. v. United Shoe Stores Co.*, 193 La. 211, 217, 190 So. 383, 384 (La. 1939).

[8] *Starns v. Emmons*, 538 So.2d 275 (La. 1989).

[9] *Id.* at 277.

rent.

In *Shephard Realty Co. v. United Shoe Stores Co.*[10] the court ruled that Article 3494's three year prescriptive period was applicable to accelerated rents. Again, the case does not address the prescriptive period applicable to additional amounts payable under the terms of the lease other than rent. Therefore, *Shephard* is neither controlling nor persuasive.

Section 9 of the Lease is the calculation of the amount due each month ("monthly payment"). The monthly payment is based on a formula which includes both rent and depreciation. Section 9(f) defines "Rent Charge" as "[t]he amount charged *in addition to the Depreciation and any Amortized Amounts*."[11]

Section 10 of the Lease, entitled "Excessive Wear and Use," provides that Debtors "may be charged for excessive wear based on [Toyota's] standards for normal use and for mileage in excess of 12000 miles per year at the rate of ten (10) cents per mile." This provision is designed to compensate the lessor for additional loss in a vehicle's value over and above that contemplated by ordinary wear and use or depreciation. As such, it is more akin to a stipulated damage provision, not rent. Because the Court finds that the Mileage Charge is not rent pursuant to Article 3494, the Mileage Charge is subject to the ten year prescriptive period in Article 3499.

**Conclusion**

Toyota's claim for late charges of $14.61 is disallowed as prescribed under Article 3494. Toyota's claims for excessive use charges of $557.00 and the Mileage Charge of $3,904.40 are

---

[10] *Shepard Realty Co. v. United Shoe Stores Co.*, 193 La. 211, 190 So. 383 (La. 1939).

[11] Lease, section 9(f) (emphasis added).

subject to a ten year prescriptive period under Article 3499, have not prescribed, and are allowed.

The Court will enter a separate Order in accord with these Reasons.

New Orleans, Louisiana, July 17, 2009.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge